## United States Bankruptcy Court
### Western District of Arkansas

In re  **Ray Attteberry**
**Beverly Ann Attteberry**
Debtor(s)

Case No.
Chapter    **13**

## CHAPTER 13 PLAN

Debtor (or Debtors hereinafter called "Debtor") proposes this Chapter 13 Plan:

1. **Payment to the Trustee.** Debtor shall pay $ __290.07__ per month to the Trustee. The first payment will be made within 30 days of the filing of the petition. Payment shall be made from the source listed below:

    ☒ Direct Pay by Debtor(s)

    ☐ Employer Withholding of (Debtor's Name)

    Name of Employer:
    Employer's Address:

    Employer's Phone Number:

    The Debtor is paid: Select Pay Schedule  If Other, please specify:

    ☐ Employer Withholding of (Debtor's Name)

    Name of Employer:
    Employer's Address:

    Employer's Phone Number:

    The Debtor is paid: Select Pay Schedule  If Other, please specify:

    The following provision will apply if completed:

    Plan payments will increase to $__ per month beginning on __.

2. **Plan Length.** The Debtor proposes to pay all disposable income into the plan for **not less than the applicable commitment period** (unless unsecured creditors are being paid in full (100%)). The plan length shall not exceed 60 months.

    The Debtor's plan length is __36__ months.

3. **Administrative Claims.** Trustee will pay allowed administrative claims and expenses in full:

    (A). **Trustee's Fees and Expenses**. Trustee shall receive a percentage fee for each receipt, the percentage of which is fixed by the United States Trustee.

    (B). **Attorney's Fees**. The attorney's fee is subject to approval of the Court by separate application. The following has been paid or will be paid if approved by the Court:

1

|  |  |
|---|---|
| Amount paid to attorney prior to filing: | **0.00** |
| Amount to be paid by the Trustee: | **3,000.00** |

The attorney shall receive an initial fee as provided in the application and approved by the Court from funds paid by the debtor, after administrative costs have been paid, and the remaining fee at the percentage rate provided in the application and approved by the Court of the total disbursed to creditors each month.

4. **Secured Claims.**

    (A). **Pre-confirmation Adequate Protection Payments.** Until such time as the plan is confirmed, the Debtor's plan payment to the Trustee will be allocated to pay the following adequate protection payments. Prior to confirmation, the Trustee shall be authorized to disburse payments upon the filing of an allowed claim by the Creditors listed below. Payment of adequate protection payments will be limited to funds available.

| **Creditor Name and Last 4 Digits of Account Number** | **Collateral** | **Adequate Protection Monthly Payment Amount** |
|---|---|---|
| USAA Federal Savings Bank | 1970 GMC 1/2 ton | 26.68 |

    (B). **Post-Confirmation Payments.** Post-confirmation payments to creditors holding secured claims shall be paid in the order set forth below.

    i. **Long Term Debts, Including Debts Secured by Real Property Which Debtor Intends to Retain.** The Debtor proposes to pay secured debts, such as a home mortgage, and/or unsecured debts that will extend beyond the length of the plan, and for which the Debtor will resume payments to such Creditor upon completion of the plan, pursuant to the terms of the respective agreements with the Creditors as described below. The regular monthly mortgage payments for real estate may be increased or decreased as provided under the loan documents from information provided by the Creditor and upon the absence of objection from the Debtor. The Trustee may pay each allowed arrearage claim at the monthly rate indicated below until paid in full.

| **Creditor/Collateral** | **Monthly Payment** | **Pre-Petition Arrearage Amount** | **Monthly Arrearage Payment** |
|---|---|---|---|
| -NONE- | | | |

    ii. **Claims to Which § 506 Valuation is NOT Applicable.** Claims listed in this subsection consist of debts secured by a purchase money security interest in a vehicle for which the debt was incurred within 910 days of filing the bankruptcy petition, or, for debt incurred within one year of filing, if the collateral for the debt is any other thing of value. The following claims will be paid as follows.

| **Creditor/ Collateral** | **Purchase Date** | **Debt Amount to be Paid** | **Value** | **Interest Rate** | **Monthly Payment** |
|---|---|---|---|---|---|
| -NONE- | | | | | |

2

iii. **Other Secured Claims.** Other secured claims will retain their liens and be paid the lesser of the amount of their claim or the value of their collateral. Any amount claimed by a Creditor that exceeds the value of the collateral will be treated as a nonpriority unsecured claim.

| Creditor/ Collateral | Purchase Date | Scheduled Debt Amount | Value | Interest Rate | Monthly Payment |
|---|---|---|---|---|---|
| Arvest Bank<br>tractor, brush hog, blade, sper | | 1265.78 | 2,950.00 | 4.50% | 37.65 |
| USAA Federal Savings Bank<br>1970 GMC 1/2 ton | Opened 9/01/13<br>Last Active 12/01/14 | 12,560.00 | 2,668.00 | 4.50% | 79.36 |
| | | | | | |

iv. **Surrender of Collateral.** Debtor will surrender the property securing the following claims in accordance with 11 U.S.C. § 1325(a)(5)(C). No further payments are to be made to the creditor on the secured claim. The creditor may file a claim for the deficiency amount remaining and the claim will be treated as a non-priority unsecured claim.

| Creditor | Collateral to be Surrendered |
|---|---|
| Arvest Bank | 2014 Ford F150. Granddaughter's vehicle debtors cosigned. Surrender interest |
| Cap1/ymaha | 4wheeler that belongs to debtors' son. Debtors cosigned. Surrender interest |

5. **Priority Unsecured Claims.**

   (A). **Domestic Support Obligations.**
   ☒ The Debtor has no domestic support obligations.

   (i). **REGULAR PAYMENT:**
   ***If joint debtors, indicate which debtor has a domestic support obligation.***

The name(s) and address(es) of the holder of any domestic support obligation are as follows. See 11 U.S.C. §§ 101(14A) and 1302(b)(6).

| Creditor Name | Address |
|---|---|
| -NONE- | |

The following domestic support obligation claims are assigned to, owed to, or recoverable by a governmental unit.

   **-NONE-**

☐ The regular monthly support payment shall be paid by the debtor directly.
☐ The regular domestic support obligation monthly payment of **0.00** shall be paid by the Trustee as a continuing debt.

3

(ii). **Domestic Support Obligation Arrearage Claims.**

☐ The domestic support obligation arrearage claim will be paid directly by the Debtor. Pre-petition domestic support obligations not paid in full during the plan are not dischargeable unless otherwise ordered by the Court.

☐ The domestic support obligation arrearage claim will be paid by the Trustee as follows:

| Creditor (Name and Address) | Arrearage Amount | Monthly Arrearage Payment |
|---|---|---|
| -NONE- | | |

(B). **Other Priority Unsecured Claims (e.g., tax claims).** Allowed priority unsecured claims, including the following listed below, will be paid in full (100%) in accordance with 11 U.S.C. §1322(a)(2), **unless otherwise indicated in this plan.**

| Creditor Name | Debt Amount |
|---|---|
| -NONE- | |

6. **Special Nonpriority Unsecured Claims.**
The following special nonpriority unsecured claims will be paid prior to other nonpriority unsecured claims. The reason for the special treatment is stated below. Claims will be paid in full (100%) unless a different treatment is indicated.

| Creditor | Debt Amount | Interest Rate, If Any | Monthly Payment | Reason for Special Classification |
|---|---|---|---|---|
| Arvest Bank | 1,608.28 | | 44.67 | loan for hay |

7. **Nonpriority Unsecured Claims.** Allowed nonpriority unsecured claims shall be paid at least as much as they would receive if the Debtor filed a Chapter 7 case. Allowed nonpriority unsecured claims shall be paid in full (100%) unless a different treatment is indicated below:

☐ A definite percentage of ___;

☒ A PRORATA dividend from funds remaining after payment of all other classes of claims and the Debtor shall pay all projected disposable income into the plan for the benefit of unsecured creditors; or

☐ Other. Please specify ___.

4

Software Copyright (c) 1996-2014 Best Case, LLC - www.bestcase.com   Best Case Bankruptcy

8. **Executory Contracts and Unexpired Leases**. The following executory contracts and unexpired leases are assumed, and payments due after the filing of the case will be paid directly by Debtor, or by the Trustee, as set forth below. Debtor proposes to cure any default by paying the arrearage on the assumed leases or contracts in the amounts set forth below. All other executory contracts and unexpired leases are rejected upon confirmation of the plan.

| Creditor Name | Post-Petition Payment to be Paid Directly by Debtor, if Current (Number of Remaining Payments) | Post-Petition Payment to be Paid by Trustee | Arrearage Amount | Arrearage Monthly Payment |
|---|---|---|---|---|
| -NONE- | | | | |

9. **Claims That Are Not to Be Paid by the Trustee.**

The following claims are to be paid directly to the Creditor by the Debtor and not by the Trustee. These claims include home mortgage, if current; lease payments, if current; and debts actually being paid by a party other than the Debtor (liable for the debt) from property that is not property of the estate.

| Creditor | Description of Property/Nature of Obligation |
|---|---|
| -NONE- | |

10. **Other Provisions:**

   (A). **Vesting of Property of the Estate.** The property of the estate shall continue to be property of the estate until such time as a discharge is granted or the case is dismissed. Unless otherwise provided, the Debtor shall remain in possession of all property of the estate.

   (B). **Secured Claims Not Provided For in the Plan.** In the event that a secured claim is allowed which is not provided for in the plan, then the trustee shall pay such creditor in full after this plan has in all other respects been completed.

   (C). **Other Provisions.** Other provisions of the plan which are not inconsistent with Title 11 of the United States Code, pursuant to 11 U.S.C. § 1322(b)(11), are as follows:

Date: **January 25, 2015**

**/s/ Ray Attteberry**  
**Ray Attteberry**  
**Debtor's Signature**

**/s/ Beverly Ann Attteberry**  
**Beverly Ann Attteberry**  
**Joint Debtor's Signature**

**/s/**

**Attorney's Signature**

Software Copyright (c) 1996-2014 Best Case, LLC - www.bestcase.com                                                                                                Best Case Bankruptcy